# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

John Edward Gibbons,                                           Case No. 4:18CV2342

           Petitioner

           v.                                                      **ORDER**

Warden Mark Williams,

           Respondent

Petitioner John Edward Gibbons brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Gibbons is currently confined at the Federal Correctional Institution Elkton ("FCI Elkton") where he is participating in a Residential Drug Abuse Program ("RDAP").

In his petition, Gibbons claims that the Bureau of Prisons (BOP) deprived him of his constitutional right to due process and equal protection. He bases his claim on the BOP's allegedly incorrect determination that he is not eligible for a one-year reduction of sentence after completion of the RDAP, and argues that a similarly situated prisoner at FCI Elkton was determined to be eligible for a sentence reduction.

For the following reasons, I deny the petition (Doc. 1) and dismiss this action.[1]

---

[1] Also before me are Gibbons' motions to issue an order to show cause (Doc. 3) and to expedite judgment (Doc. 4). Because I deny the petition and dismiss this action, these motions are moot and denied as such.

## Background

After a bench trial in the United States District Court of Arizona, Gibbons was convicted of conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846, and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a) and (b), and received a two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a firearm. (*See* Doc. 1 at 7). He was sentenced on April 23, 2012 to a term of 150 months of imprisonment followed by five years of supervised release. His term of imprisonment was later reduced to 134 months pursuant to a retroactive amendment to the United States Sentencing Guidelines enacted November 1, 2014. (*Id*. at 1).

Because of his participation in the RDAP at FCI Elkton, Petitioner was advised that he was provisionally eligible for a one-year sentence reduction pursuant to 18 U.S.C. § 3621(e) upon completion of the RDAP, but a final determination would be made by the Designation and Sentence Computation Center ("DSCC"). The DSCC determined that Gibbons was not eligible for early release because his current offense of conviction: (1) involved a firearm, (2) presents a serious potential risk of physical force against the person or property of another, and (3) is an attempt, conspiracy, or other offense which involved an underlying offense to commit any precluding offense. (*See* Doc. 1-3 (citing 28 C.F.R. §§ 550.55(b)(5)(ii) and (iii), and § 550.55(b)(6)).

Gibbons claims that (1) the BOP improperly, arbitrarily and capriciously classified him as ineligible for early release under § 3621(e) and violated his right to due process, and (2) he has been deprived of equal protection because a similarly situated prisoner at FCI Elkton was

determined to be eligible for a one-year sentence reduction under § 3621(e) and the BOP had no rational basis for the disparate treatment.[2] (*See* Doc. 1 at 2-7).

Gibbons appealed the DSCC's determination, arguing that the denial of his eligibility for a one-year sentence reduction deprived him of due process and equal protection under the law, but his appeal was denied.[3] (*See* Doc. 1-4). Petitioner claims that I may review the alleged improper denial of his eligibility for a one-year sentence reduction under the Administrative Procedure Act ("APA"), and requests that I set aside the BOP's arbitrary and capricious determination that he is ineligible for a one-year sentence reduction under § 3621(e). (*See* Doc. 1 at 3, 7-8).

## Standard of Review

A prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" may be granted habeas relief under 28 U.S.C. § 2241. 28 U.S.C. § 2241(c). I must review the petition to determine if on the face of the petition and attached exhibits, it plainly appears that petitioner is not entitled to relief. *See* Rule 4 of the Rules governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. If it plainly appears that petitioner is not entitled to relief, I may summarily dismiss the petition. *See* 28 U.S.C. § 2243; *see also Blevins v. Lamanna*, 23 Fed. App'x 216, 218 (6th Cir. 2001) ("Under 28 U.S.C. § 2243, the district court may summarily dismiss a petition if it appears that

---

[2] Specifically, Gibbons alleges that Ricky Townsend ("Townsend") was also convicted of a drug offense (21 U.S.C. § 843) and received a two-point enhancement for possession of a dangerous weapon pursuant to U.S.S.G § 2D1.1(b)(1). The DSCC determined that Townsend is eligible for a one-year sentence reduction under § 3621(e), but Gibbons is not. (Doc. 1 at 6-7).

[3] "Federal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (citation omitted).

petitioner is not entitled to relief."). As with all *pro se* pleadings, a habeas petition is held to less stringent standards than pleadings prepared by lawyers, and I construe the petition liberally. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (the allegations of a *pro se* habeas petition are entitled to liberal construction) (citation omitted).

Pursuant to 18 U.S.C. § 3625, the Administrative Procedure Act does "not apply to the making of any determination, decision, or order under this subchapter." 18 U.S.C. § 3625. This includes a prisoner's eligibility for early release under 18 U.S.C. § 3621(e). *See Riddell v. Hickey*, 2012 WL 1380341, *5 (E.D. Ky.) (explaining court lacked jurisdiction over petitioner's claim that the BOP's decision to exclude federal inmates from eligibility for early release who have been convicted of mere possession of a firearm violates the APA) (internal citation omitted), *aff'd*, *Riddell v. Hickey*, 2013 U.S. App. LEXIS 26365 (6th Cir.); *Cooper v. Zych*, 2009 WL 2711957, *2 (E.D. Mich.) (Pursuant to 18 U.S.C. § 3625, "[d]ecisions made with reference to Petitioner's eligibility for early release under the provisions of 18 U.S.C. § 3621(e) are not reviewable under the APA.") (internal citations omitted); *Rea v. Sniezek*, 2007 WL 427038, *3 (N.D. Ohio) (Oliver, J.) ("18 U.S.C. § 3625 removes this court's subject matter jurisdiction to review the BOP's substantive eligibility decisions [made under § 3621(e)].") (citing *Davis v. Beeler,* 966 F. Supp. 483 (E.D. Ky. 1997); *United States v. Jackson,* 70 F.3d 874 (6th Cir. 1995)). Therefore, my review is limited to consideration of whether the BOP acted outside its statutory authority or violated the constitution. *See Rea*, *supra*, 2007 WL 427038, at *3 ("Where, as here, Congress has precluded judicial scrutiny of an agency's decision-making, the court's review is very limited and it may only consider whether the agency acted outside its statutory limits or violated the constitution.") (citing *Wallace v. Christensen,* 802 F.2d 1539, 1551-52 (9th Cir. 1986) (en banc)).

## Analysis

Under 18 U.S.C. § 3621(b)(5), the BOP must make available a substance abuse treatment program for prisoners the BOP determines have a treatable condition of substance addiction or abuse. Under 18 U.S.C. § 3621(e)(2)(B),[4] the BOP has the discretion to allow an inmate a sentence reduction of up to one year if the inmate was convicted of a nonviolent offense and successfully completes a substance abuse treatment program at his place of confinement. But even if an inmate satisfies the requirements of § 3621(e)(2)(B), the BOP "is not required to, reduce his term of imprisonment." *Fortino v. Hemingway*, 21 F. App'x 245, 247 (6th Cir. 2001) (citing *Lopez v. Davis*, 531 U.S. 230, 240-41 (2001)). Just as § 3621(e)(2)(B) gives the BOP discretion to reduce a prisoner's sentence upon successful completion of a drug treatment program, § 3621(e)(2)(A) gives the BOP discretion to retain a prisoner who successfully completes a residential drug treatment program.

The BOP's guidelines for implementation of early release under § 3621(e)(2)(B) are found in 28 C.F.R. § 550.55, which contains "additional early release criteria" and identifies categories of inmates *not* eligible for early release even if they are convicted of a nonviolent offense. In *Lopez*, the Supreme Court determined that the BOP has the discretion to prescribe additional early release criteria and to categorically exclude certain inmates from release. "The Bureau may consider aspects of conduct of conviction, even though the conviction is a criterion of statutory eligibility" and "need not blind itself to pre-conviction conduct that the agency reasonably views as jeopardizing life and limb." *Lopez*, 531 U.S. at 242-43. In so ruling, the Supreme Court held that the BOP could reasonably conclude that an inmate's prior involvement

---

[4] "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."

with firearms in connection with a felony suggests a readiness to resort to "life-endangering violence" that is relevant to an early release decision. *Id*. at 244; s*ee also Harrisson v Lamanna*, 19 Fed. App'x 342, 342, (6th Cir. 2001) (affirming district court order denying petition for a writ of habeas corpus and explaining that the Supreme Court in *Lopez* expressly held that the Bureau's decision to exclude inmates whose crime involved firearms from the drug treatment sentence reduction program is a reasonable decision) (citing 531 U.S. at 244); *Todd v. Scibana*, 20 Fed. App'x 361, 361 (6th Cir. 2001) (an inmate's prior involvement with firearms in connection with a felony appropriately determines the BOP's early release decision) (citing 531 U.S. at 244).

### A. The BOP's Determination That Gibbons Is Ineligible for Early Release Is a Reasonable Exercise of Its Statutory Discretion and Does Not Violate Due Process

In support of his claim that the BOP improperly classified him as ineligible for early release under § 3621(e), Gibbons argues that neither his nor Townsend's drug convictions are categorized as crimes of violence pursuant to the BOP's Program Statement 5162.05. He further argues that both their sentences were enhanced pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm or dangerous weapon, but neither received an additional enhancement pursuant to § 2D1.1(b)(2) because, although they possessed a dangerous weapon, they did not use violence or make a credible threat to use violence. (Doc. 1 at 7). Gibbons contends that against this background, the BOP improperly classified him as ineligible for early release and, by determining Townsend was eligible, violated his right to equal protection.

Gibbons' argument is unavailing. The DSCC determined that Gibbons was ineligible for early release not because his drug conviction is listed as a crime of violence in Program Statement 5162.05, but because of his possession of a firearm, among other reasons. (*See* Doc. 1-3). The Supreme Court in *Lopez*, *supra*, 531 U.S. at 240-42, upheld the exercise of the BOP's

discretion to consider firearms as a basis for rendering a federal prisoner ineligible for early release and found that such a categorical exclusion was reasonable and permissible. *See also Fortino*, 21 Fed. App'x at 247 (The BOP has discretion to establish additional criteria that make certain categories of prisoners ineligible for early release and to take into account pre-conviction conduct and make categorical exclusions when determining whether an inmate is eligible for early release under § 3621(e)(2)(B)) (citing *id.*); *Qaiyim v. Farley*, 2011 WL 3566852, *4 (N.D. Ohio) (Lioi, J.) ("[B]ased on *Lopez*, as interpreted by the Sixth Circuit in *Scibana*, it is within the discretion of the BOP to categorially deny prisoners § 3621(e) early release based on preconviction conduct. Inasmuch as the Petitioner was a felon at the time he was in possession of a firearm, he would rightfully fall within the class of prisoners the BOP considers ineligible for early release under § 3621(e).").

Gibbons' enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) falls squarely within the category of inmates not eligible for early release under 28 C.F.R. § 550.55 (b)(5)(ii)[5] for an offense that involves the mere carrying or possession of a firearm, even if physical force was not used or threatened.[6] The BOP's determination that under § 550.55 (b)(5)(ii), among other reasons, Gibbons' possession of a firearm precludes him from eligibility for early release is both within the BOP's authority and discretion and is reasonable. *Swant v. Hemingway*, 23 Fed. App'x 383, 384 (6th Cir. 2001) (the holding in *Lopez* dictates a conclusion that the BOP's decision that petitioner is not eligible for early release pursuant to § 3621(e) because the offense

---

[5] 28 C.F.R. § 550.55(b)(5)(ii) replaced § 550.58(a)(1)(vi)(B) following re-codification of the Code of Federal Regulations. *See Peck v. Thomas*, 787 F. Supp. 2d 1145 (D. Or. 2011).

[6] 28 C.F.R. § 550.55 (b)(5)(i) provides that an inmate is not eligible for early release for conviction of an offense that has an element of actual, attempted, or threatened use of physical force. Section 550.55 (b)(5)(i) was not listed by the BOP as a basis for determining that Gibbons was ineligible for a one-year sentence reduction. (*See* Doc. 1-3).

involved firearms is not arbitrary and capricious) (citing 531 U.S. at 244); *see also Cooper*, *supra*, 2009 WL 2711957, at *4 (observing that the "Sixth Circuit [has] noted that the Supreme Court held in *Lopez* that it was reasonable for the Bureau of Prisons to prevent an inmate from attaining early release if the inmate's crime was related to firearms. Thus, the Sixth Circuit implicitly found that the Bureau did not abuse its discretion in promulgating 28 C.F.R. § 550.5[5].") (citing *Harrison v. Lamanna*, 19 Fed. App'x 342 (6th Cir. 2001)).[7]

The BOP's determination that Gibbons was ineligible for a one-year sentence reduction under § 3621(e) was within its statutory discretion and authority and was reasonable, not arbitrary or capricious.

Gibbons' due process claim also fails. The entitlement of a federal prisoner to due process under the Fifth Amendment is only triggered where a prisoner has been deprived of a protected liberty interest, that is, where a prisoner has suffered an "atypical and significant" hardship "in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (Fourteenth Amendment due process claim); *see also Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (analysis of due process claims against the state under the Fourteenth Amendment is the same as the analysis of due process claims under the Fifth Amendment against the national government).

---

[7] This case is similar to *Cooper*, *supra*, 2009 WL 2711957. Like the petitioner in *Cooper*, Gibbons was convicted of possession with intent to distribute five grams or more of cocaine base, 21 U.S.C. § 841(a)(1), and received a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). *Cooper*, 2009 WL 2711957, at *1. Cooper was denied early release under § 3621(e) because of the two-level enhancement for possession of a firearm. While lacking jurisdiction to review Cooper's claim that the 28 C.F.R. § 550.58 violates the APA because it is arbitrary and capricious, the district court stated that the BOP's decision to prevent an inmate from attaining early release if the inmate's crime is related to firearms is reasonable and not an abuse of discretion. *Cooper*, 2009 WL 2711957, at *4 (citations omitted). Unlike Cooper, Gibbons was also convicted of conspiracy to distribute cocaine.

A prisoner has no constitutional right to early release prior to the expiration of the term of his sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1976) (citing among authority *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Nor does a prisoner have a constitutional right to a sentence reduction under § 3621(e). *Palm v. Walton*, 2013 WL 119701, *3 (E.D. Mich.) ("[N]either Section 3621(e) nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the BOP's discretion. Accordingly, there is no basis on which a protected liberty interest in early release can be founded. Therefore, Petitioner does not possess a constitutionally protected expectation interest in early release."); *Riddell*, *supra*, 2012 WL 1380341, at *3 (same) (citing *Jacks v. Crabtree*, 114 F.3d 983, 986 n.4 (9th Cir. 1997) (finding that § 3621(e)(2)(B) does not create a due process liberty interest in a one-year sentence reduction)); *Bennett v. Shartle*, 2008 WL 2323490, *3 (N.D. Ohio) (Zouhary, J.) ("Nothing in the Constitution, or 18 U.S.C. § 3621(e)(2)(B), or the original 28 C.F.R. § 550.58, creates a liberty interest in early release.") (citing *Olim v. Wakinekona,* 461 U.S. 238, 249 (1983) (where a statute leaves the decisionmaker with unfettered discretion over the grant or denial of a benefit, there is no liberty interest in that benefit)). In the absence of a protected liberty interest in early release under § 3621(e)(2)(B), Gibbons' due process claim fails as a matter of law.

### B. Gibbons' Equal Protection Claim Fails

Gibbons' primary argument in the petition is that the BOP deprived him of equal protection under the Fifth Amendment[8] because he was denied a one-year sentence reduction

---

[8] Gibbons is a federal prisoner and, therefore, the equal protection clause of the Fourteenth Amendment, which applies only to the states, is not applicable here. However, the due process clause of the Fifth Amendment, which is applicable to the federal government, "encompasses equal protection principles." *Mathews v. De Castro*, 429 U.S. 181, 182 n.1 (1976) (citing *Weinberger v. Salfi*, 422 U.S. 749, 768-70 (1975)).

under § 3621(e)(2)(B) while Townsend, an allegedly a similarly situated inmate who also had a drug conviction and dangerous weapon enhancement, was determined to be eligible for a one-year sentence reduction under § 3621(e). (*See* Doc. 1 at 3-7). Gibbons argues that he is a "class of one" and that the BOP lacked a rational basis for treating him and Townsend differently when determining eligibility for a one-year sentence reduction. (*Id*. at 6).

To the extent that Gibbons has exhausted his equal protection claim, that claim plainly fails on the face of the petition. The Equal Protection Clause provides that similarly situated persons should be treated alike. *Sinclair v. Eichenlaub*, 2008 WL 5235981, *5 (E.D. Mich.) (citing *City of Cleburne v. Cleburne Living Ctr., Inc*., 473 U.S. 432, 439 (1985)). But "'[t]o prove that a statute has been administered or enforced discriminatorily, more must be shown than the fact that a benefit was denied to one person while conferred on another.'" *Id*. at *6 (quoting *Silvia Dev. Corp. v. Calvert Cty. Md*., 48 F.3d 810, 819 (4th Cir. 1995)).

The unequal application of a statute that is neutral on its face to those who are entitled to be treated alike "'is not a denial of equal protection unless there is shown to be present … an element of intentional or purposeful discrimination.'" *Dotson v. Eichenlaub*, 2008 WL 362771, *3 (E.D. Mich.) (quoting *Snowden v. Hughes,* 321 U.S. 1, 8 (1944)); *see also Williams v. Causey*, 2013 WL 5924398, *2 (W.D. Ky.) ("For a 'class of one' to prove a violation of the Equal Protection Clause, a plaintiff must allege that he 'has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'") (citing *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)). "Thus, '[i]n order to prevail on an equal protection claim based upon the application of a facially neutral statute, it must be established that: (1) the plaintiff was treated differently than similarly situated persons; and (2) the defendant unequally applied the facially neutral statute for the purpose of discriminating

against the plaintiff.'" *Dotson*, *supra*, 2008 WL 362771, at *3 (quoting *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996)).

Assuming for the purpose of this analysis, but not concluding, that Gibbons has adequately alleged Townsend is similarly situated, petitioner does not allege that he was treated differently from Townsend by the BOP with respect sentence reduction eligibility for the purpose of discriminating against him. *Id.* at *4 ("[E]ven assuming that the identification of other prisoners by petitioner alone sufficed to show that they were similarly situated to him and treated differently [with respect to early release under § 3621(e)(2)(B)], petitioner has offered no argument, much less evidence, that the differing treatment was the result of any discriminatory animus. He merely alleges different treatment *simpliciter*. This is insufficient to make out an equal protection claim."). "'[M]ere inconsistencies or erroneous decisions in prison management . . . do not by themselves constitute a cognizable equal protection claim.'" *Sinclair*, *supra*, 2008 WL 5235981, at *6 (denying § 2241 equal protection claim that similarly situated prisoners received early release under § 3621(e) but petitioner did not because petitioner failed to allege he was treated differently because of discriminatory animus) (quoting *Clapper v. Wisconsin Dep't of Corrs.*, 946 F. Supp. 672, 680 (E.D. Wisc. 1996) (further citation omitted)); *Sizemore v. Marberry*, 2005 WL 1684132, *5 (E.D. Mich.) (petitioner's allegations that inmates with convictions similar to his were granted early release under § 3621(e)(2)(B) are mere inconsistencies or errors that do not constitute a cognizable equal protection claim) (citing *Clapper*, *supra*, 946 F. Supp. at 680); *Chevrier v. Marberry*, 2006 WL 3759909, *6 (E.D. Mich.) (same) (citations omitted);

Petitioner alleges in a conclusory manner that the BOP "intentionally" denied him eligibility for a sentence reduction while granting Townsend eligibility. But Gibbons does not

11

allege any facts to suggest that the BOP intentionally treated him differently than Townsend for the purpose of discriminating against him or possessed any discriminatory animus. Even if Townsend is similarly situated to Gibbons, the petition establishes, at most, nothing more than an inconsistency or error on the part of the BOP, which is insufficient to constitute a cognizable equal protection claim. *Sinclair*, *supra*, 2008 WL 5235981 at \*6; *see also Searcy v. Gardner*, 2008 WL 400424, \*4 (M.D. Tenn.) ("A prison inmate cannot support a claim that his equal protection rights were violated simply by showing that other inmates were treated differently. He must establish that a government official intentionally discriminated against him because of his membership in a protected class.") (denying prisoner's equal protection claim that he was treated unfairly while other prisoners were favored in administrative segregation).

Although I am required to liberally construe Gibbons' habeas petition, I am not required to accept conclusory statements unsupported by factual allegations or to conjure factual allegations on petitioner's behalf. *See Robertson v. Turner*, 2017 WL 4296187, \*2 (N.D. Ohio) (Helmick, J.) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)), *certificate of appealability denied sub nom. Robertson v. Eppinger*, 2018 WL 1940414 (6th Cir.); *see also Holton v. Ohio*, 2019 WL 1573267, at \*3 (S.D. Ohio) ("Notice pleading is insufficient in a petition seeking habeas relief because a petitioner's pleadings must 'state facts that point to a real possibility of Constitutional error.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). Gibbons fails to allege a cognizable Fifth Amendment claim that he was deprived of equal protection with respect to the BOP's determination that he was ineligible for a one-year sentence reduction under § 3621(e).

## Conclusion

It is, therefore,

ORDERED THAT

1. Petitioner John Edward Gibbons' motion to issue an order to show cause (Doc. 3) be, and the same hereby is, denied as moot;

2. Petitioner John Edward Gibbons' motion to expedite judgment (Doc. 4) be, and the same hereby is, denied as moot;

3. The petition filed by John Edward Gibbons for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be, and the same hereby is, denied and this action is dismissed pursuant to 28 U.S.C. § 2243;

4. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith; and

5. No certificate of appealability will issue. 28 U.S.C. § 2253; Fed. R. App. 22(b).

So ordered.

/s/ James G. Carr

_____

Sr. U.S. District Judge